IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

_____

In RE:

CARRIE DAWSON
EDWARD DAWSON,                                                                                   Chapter 13
         Debtors.                                                                  Case No: 08-30286

_____

JUSTIN ZAVERL
KIMBERLY ZAVERL,
        Plaintiffs,

v.                                                                                    Case No: 08-2351

CARRIE DAWSON
EDWARD DAWSON,
        Defendants.

_____

ANSWER
_____

      The debtors, Carrie and Edward Dawson, by their attorneys, Flanner, Stack, Fahl & Bagley, LLP, hereby answer the plaintiff's complaint, in numbered paragraphs corresponding to those in the Complaint, as follows:

1. Admit

2. Admit

3. Admit

4. Deny and allege that Bailie Homes, LLC, a Wisconsin Limited Liability Company owned by the Defendants entered into a construction contract with the Plaintiffs.

5. Defendants lack sufficient actual knowledge to either admit or deny, and therefore Deny

6. Admit that from time to time Plaintiffs or their agents made disbursements to the defendant's company, Baile Homes, LLC, but Deny that payments were made personally to the defendants. Further, defendants allege that the remainder of the paragraph contains a legal conclusion for which no answer is required, but to the extent that an answer is required, Deny.

7. Calls for a legal conclusion for which no response is required, but to the extent an answer is required, Deny

8. Calls for a legal conclusion for which no response is required, but to the extent that an answer is required, Deny

9. Calls for a legal conclusion for which no response is required, but to the extent that an answer is required, Deny

10. Calls for a legal conclusion for which no response is required, but to the extent that an answer is required, Deny

11. Admit

12. Calls for a legal conclusion for which no response is required, but to the extent that an answer is required, Deny

13. Based on garnishments taken from the debtors prior to filing, debtors are unable to determine the remaining balance under the judgment and therefore Deny and demand strict proof. As for the allegation that the debt is excepted from Discharge pursuant to 11 USC 523(a)(4), debtors state first that this is legal conclusion to which no answer is requires, but to the extent that an Answer is required, Deny. Debtors further allege that even if some of the judgment is non-discharageable under 11 U.S.C. 523(a)(4), only a portion would qualify for such treatment and that the majority of the judgment fall outside the scope of that section.

WHEREFORE, Defendants Pray for a hearing on this matter and a determination by the Court as to the appropriate portions of the judgment to be excepted from Discharge under 11 U.S.C. 523(a)(4).

Dated at Brookfield, Wisconsin this 27th day of January, 2009.

                                FLANNER, STACK, FAHL & BAGLEY, LLP.
                                Attorneys for the Debtors, Carrie and Edward Dawson

                                BY: ____/S/_____
                                    Robert W. Stack
                                    State Bar No: 1033733

**Post Office Address:**
16535 W. Bluemound Road, Suite 230
Brookfield, WI 53005
Tel: 262-754-3700
Fax: 262-754-3731